UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON MORRIS and LARS F. BRAUER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MILLIMAN, INC., d/b/a INTELLISCRIPT,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1. On behalf of themselves and all others similarly situated, Plaintiffs Sharon Morris and Lars Brauer ("Plaintiffs"), by and through their attorneys, Francis Mailman Soumilas, PC, and Terrell Marshall Law Group PLLC, respectfully allege as follows:

### I.     NATURE OF THE ACTION

2. This is a consumer class action brought for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Defendant Milliman, Inc. d/b/a IntelliScript. ("Defendant" or "Milliman"), a consumer reporting agency ("CRA"). Defendant deprives consumers of their rights under the FCRA by failing to comply with the law by refusing to adopt procedures to assure maximum possible accuracy of a consumer's information before it prepares consumer reports. Defendant furthermore systemically fails to clearly and accurately identify to consumers the source(s) of the information that it places on their consumer reports. Defendant thus deprives consumers of valuable congressionally-mandated information and

CLASS ACTION COMPLAINT - 1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

makes it more difficult for consumers such as Ms. Morris and Mr. Brauer to correct errors that are caused by private vendor sources, rather than the pharmacies and/or medical providers that Defendant misidentifies as its sources. Further, Defendant deprives consumers of their rights under the FCRA by failing to conduct reasonable reinvestigations when a consumer disputes, instead improperly attempting to place the burden of conducting an investigation on the consumer.

## II.     PARTIES

3. Plaintiff Sharon Morris is an adult individual who resides in Rocheport, Missouri.

4. Plaintiff Lars F. Brauer is an adult individual who resides in Los Angeles, California.

5. Defendant Milliman is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Defendant is authorized to do business in the State of Washington, has substantial contacts in this District, and has a principal place of business located in King County, Washington at 1301 Fifth Avenue, Suite 3800, Seattle, Washington, 98101.

## III.    JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b).

## IV.    FACTUAL ALLEGATIONS

**A.     Milliman sells reports containing consumers' prescription and medical history.**

8. Milliman is a specialty consumer reporting agency ("CRA") in the business of gathering and selling reports about consumers which contain information about their medical histories, including detailed histories of medications prescribed by doctors.

9. Milliman's prescription histories include drug name, dosage, fill date, pharmacy, and physician information.

CLASS ACTION COMPLAINT - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10. Milliman prepares the reports by gathering information from "dozens of health plans, pharmacy benefit managers, retail pharmacies, and other aggregators"1 and compiles them onto a single report.

11. Milliman obtains some of the medical history and prescription information it includes on reports directly from pharmacies and medical providers.

12. It also obtains prescription history information from third party companies known as "Pharmacy Benefit Managers."

13. In addition to compiling the data from these sources, Defendant interprets the data and generates automated decisions based on the insurer's guidelines using a proprietary underwriting engine called "IRIX."

14. Milliman prepares and sells these reports for a fee to insurance companies in connection with an application for insurance, typically life insurance or medical insurance.

15. Milliman is regulated by the FCRA, and the reports it sells are consumer reports which it intends to be used to determine consumers' eligibility for insurance.

16. Milliman compiles reports and responds to consumer inquiries using standardized policies and procedures, and does not "reinvent the wheel" with respect to each individual report or communication.

**B.     Milliman fails to accurately report consumer information.**

17. Milliman fails to follow reasonable procedures to assure the maximum possible accuracy regarding the information it sells about consumers. *See* 15 U.S.C. § 1681e(b).

18. One of the most well-known and prevalent inaccuracies that occur in the consumer reporting industry is a "mixed file."

19. A mixed file is a consumer report in which some or all of the information in the report pertains to an individual who is not the subject of the report.

---

1 https://www.rxhistories.com/irix/prescription-data/.

CLASS ACTION COMPLAINT - 3

20. Milliman employs policies and procedures that frequently allow the information belonging to one consumer to appear in the consumer file of another.

21. Milliman's procedures are designed to maximize the number of reports that contain information, accurate or not.

22. Milliman's procedures are also designed to maximize the speed with which it provides information to its customers. Milliman's system generates reports containing information from its sources within a matter of minutes. Milliman provides those reports to its clients without performing the most rudimentary check to see if the information contained on the report pertains to the consumer that is the subject of the report.

23. Milliman also encourages its sources to provide it with the most recent data, leaving no time for the source to ensure that the prescription data is associated with the correct person. Indeed, Milliman touts that its data "is so up to date that customers regularly see fills from the previous day."[2]

24. Milliman intentionally employs procedures that maximize the likelihood of a match between any inquiry and some data in its database about one or more consumers, purposefully prioritizing speed and quantity of matches over accuracy of matches.

25. Milliman's reporting of inaccurate information is not accidental, nor a result of simple negligence, but instead a result of deliberately designed policies and procedures.

C. **Milliman fails to disclose the true source(s) of its medical and prescription information.**

26. Milliman furthermore impairs consumers' ability to correct inaccuracies on the reports it sells by concealing some of the sources from which it obtains information.

27. Milliman purports to comply with the disclosure requirement of FCRA section 1681g(a), by providing consumers with information in their file in response to requests by consumers.

---

[2] https://www.rxhistories.com/irix/prescription-data/.

CLASS ACTION COMPLAINT - 4

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

28. However, in its disclosures of information to consumers, IntelliScript fails to identify the source(s) from which it obtains information, including pharmacy benefit managers, other CRAs such as MIB, and other vendors.

29. Thus, consumers have no way of knowing whether a particular item of information was retrieved directly from a pharmacy, from a pharmacy benefit manager, from another CRA such as MIB, or a vendor.

30. The addition of a pharmacy benefit manager, other CRA and/or vendor into the chain of information introduces another opportunity for errors, including in personal identifying information which can cause information to be placed in the wrong consumer's file.

31. The fact that information was obtained from a pharmacy benefit manager is essential for a consumer to properly address any inaccurate reporting, so that a consumer can determine whether an error originated with the pharmacy or with a third party, and ensure that any pharmacy benefit manager does not further spread the error.

32. Similarly, disclosing other CRA sources of information is essential so that consumers can separately contact those CRAs to determine whether any error originated with another company and prevent it from selling inaccurate information to other CRAs or end users.

33. The FCRA unambiguously requires CRAs such as Defendant to "clearly and accurately disclose to the consumer" who requests his or her file "the sources" that supplied any "information" to the CRA about that consumer. 15 U.S.C. § 1681g(a)(2).

34. Disclosure of the true source of a CRA's information is vital so that consumers always know who is furnishing important information about them.

35. Nevertheless, and despite the clear mandate of FCRA § 1681g(a)(2), Defendant fails to disclose to consumers the pharmacy benefit manager sources of information that it collects and reports about them.

CLASS ACTION COMPLAINT - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**D.  The experience of Plaintiff Morris**

36. Plaintiff Sharon Morris is a consumer about whom Defendant sold inaccurate prescription and medical history information and to whom Defendant failed to disclose information as required by the FCRA.

37. On or about October 20, 2022, Ms. Morris applied for a supplemental medical insurance plan with Aetna.

38. In connection with her application Aetna requested a consumer report from Milliman about Ms. Morris, including her prescription and medical history. Aetna provided Milliman with Mrs. Morris's first and last name, her social security number, her date of birth, age, gender, and zip code.

39. On or about October 20, 2022, Milliman prepared a report about Ms. Morris, including prescription and medical history, and sold it to Aetna for a fee.

40. Upon information and belief, Milliman obtained information that it placed on the report from one or more pharmacy benefit managers and/or other third party sources.

41. The October 20, 2022 report was grossly inaccurate.

42. The prescription history was inaccurate because it included fifteen medications that Ms. Morris had never been prescribed or taken.

43. The medical history reported was also overwhelmingly inaccurate, because it included over one thousand records of treatments Plaintiff never received, from doctors she has never seen, for maladies including chest pain, anxiety, scoliosis, hypertension, heart disease, nursing facility care following surgery, home hospice care, degenerative disease of nervous system, malnutrition, skin cancer, fainting spells and falls, and cognitive impairment.

44. Despite having been provided with Ms. Morris's name, address, social security number and date of birth, Defendant did not use all of those personal identifiers in determining whether to place prescription and medical history information on the report.

45. When Ms. Morris learned that Aetna was unable to sell her an insurance policy because of the Milliman report, Ms. Morris contacted Milliman and requested a copy of her file.

CLASS ACTION COMPLAINT - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

46. On or about November 4, 2022, Milliman provided a response to Ms. Morris's request, which consisted of a letter and a copy of her report dated October 20, 2022.

47. Milliman's response to Ms. Morris's request for her file did not identify the pharmacy benefit manager and/or other sources of the information contained on the report, or whether any of the information on the report was obtained from MIB or any other CRA.

48. Notwithstanding the FCRA's requirements, Milliman deprived Ms. Morris of this valuable information according to its standard practice and procedure.

49. After receiving a copy of the October 20, 2022 report, Ms. Morris was horrified to discover that it included hundreds of records of prescriptions and medical records that pertained to an unrelated person.

50. On or about November 7, 2022, Ms. Morris informed Milliman that the report contained inaccurate information, and Milliman responded to the same with a standardized communication demanding that Ms. Morris request a copy of her prescription and medical records in order to process her dispute.

51. Upon information and belief, Milliman took no further action to reinvestigate the inaccurate information on the report it prepared regarding Ms. Morris.

52. At all times pertinent hereto, Milliman's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for a consumer's rights as set forth under § 1681e(b), § 1681g(a)(2), and § 1681i of the FCRA, and further assumed an unjustifiably high risk of harm.

53. As a result of Milliman's conduct, Ms. Morris has suffered injury in the form of (a) loss of insurance opportunity, (b) harm to reputation, (c) emotional distress, and (d) denial of statutorily-mandated information.

**E.    The experience of Plaintiff Brauer.**

54. Plaintiff Lars F. Brauer is a consumer about whom Defendant sold inaccurate prescription and medical history information and to whom Defendant failed to disclose information as required by the FCRA.

CLASS ACTION COMPLAINT - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

55. In or around July or August 2022 Mr. Brauer applied for life insurance with Prudential Company of America.

56. In connection with his application Prudential requested a consumer report from Milliman about Mr. Brauer, including his prescription history. Prudential provided Milliman with Mr. Brauer's first and last name, his social security number, his date of birth, age, gender, and zip code.

57. On or about August 1, 2022, Milliman prepared a report about Mr. Brauer, including prescription history, and sold it to Prudential for a fee.

58. Upon information and belief, Milliman obtained information that it placed on the report from one or more pharmacy benefit managers.

59. The August 1, 2022 report was grossly inaccurate.

60. The prescription history was inaccurate because it included six medications that Mr. Brauer had never been prescribed or taken.

61. Several of the medications listed on the report as prescribed in 2020 and 2021 were identified as for "pediatric" use, a clear indication that they did not pertain to Mr. Brauer, who was forty-two (42) years old in 2020.

62. The report also inaccurately identified prescribing physicians who had never treated Mr. Brauer.

63. The six inaccurate medications had been prescribed not to Mr. Brauer, but to his young son, who was twenty-three months old in August 2022 when Milliman prepared the report.

64. In or around August 2, 2022, Prudential emailed Mr. Brauer asking him to fill out a questionnaire that included questions asking him to explain his use of two drugs that had never been subscribed to him.

65. Prudential's questions shocked and concerned Mr. Brauer. Mr. Brauer previously applied for life insurance and had been denied life insurance because erroneous prescriptions were included on a report similar to the report Milliman sold to Prudential. Mr. Brauer had

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

disputed the inclusion of the prescriptions on the report and understood the report had been corrected.

66. When Mr. Brauer learned that Prudential was unable to sell him a life insurance policy because the Milliman report, Mr. Brauer contacted Milliman and requested a copy of his file.

67. On or about August 17, 2022, Milliman provided a response to Mr. Brauer's request, which consisted of a letter and a copy of his report on or around August 17, 2022.

68. Milliman's response to Mr. Brauer's request for his file did not identify the pharmacy benefit manager sources of the information contained on the report, or whether any of the information on the report was obtained from MIB or any other CRA.

69. Notwithstanding the FCRA's requirements, Milliman deprived Mr. Brauer of this valuable information according to its standard practice and procedure.

70. Milliman's response to Mr. Brauer's request indicated that Protective Life, The Savings Bank Life Insurance Company of Massachusetts, Ladder of Life, and Mutual of Omaha also had previously requested copies of Mr. Brauer's prescription information and received the erroneous report.

71. Mr. Brauer again was shocked. Mr. Brauer had previously applied for life insurance from all of those companies and the companies either had denied Mr. Brauer life insurance outright or quoted him prohibitively expensive premiums.

72. Recognizing that important information on the report to Prudential was inaccurate and concerned that the information had been included on reports to many other companies as well, Mr. Brauer contacted Milliman to dispute the accuracy of the reports.

73. On or about August 24, 2022, Milliman acknowledged that it had received Mr. Brauer's dispute and that they would process it within 30 days.

74. On or about September 19, 2022, Milliman sent Mr. Brauer a letter, admitting that several items on the Prudential report "were reported in error" and attaching a "corrected consumer report."

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

75. The same day, Milliman also sent Mr. Brauer four separate letters regarding the reports Milliman sold to Protective Life, The Savings Bank Life Insurance Company of Massachusetts, Ladder of Life, and Mutual of Omaha. Each of those letters also conceded that several items on Mr. Brauer's consumer report had been "reported in error." Each attached a "corrected consumer report."

76. Despite having been provided with Mr. Brauer's name, address, social security number and date of birth, Defendant did not use all of those personal identifiers in determining whether to place prescription and medical history information on the report. For example, Mr. Brauer's report indicated that Mr. Brauer was forty-two years of age. Milliman failed to use this information to ensure that prescriptions obviously prescribed to a child were not included on Mr. Brauer's report.

77. None of the letters that Milliman provided to Mr. Brauer identified the source of the information on his report. Because the sources were not identified, Mr. Brauer was not able to contact the source to make sure that any errors in his underlying records had been corrected.

78. At all times pertinent hereto, Milliman's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for a consumer's rights as set forth under § 1681e(b), § 1681g(a)(2), and § 1681i of the FCRA, and further assumed an unjustifiable high risk of harm.

79. As a result of Milliman's conduct, Mr. Brauer has suffered injury in the form of (a) loss of insurance opportunity, (b) harm to reputation, (c) emotional distress, and (d) denial of statutorily-mandated information.

80. At all times pertinent hereto, Milliman was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Milliman.

CLASS ACTION COMPLAINT - 10

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## V.   CLASS ACTION ALLEGATIONS

81. Plaintiff Brauer brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

   a. **1681e(b) Inaccuracy Class**: All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning April 30, 2022 and continuing through the date the class is certified, about whom Defendant sold a report to a third party containing one or more items of information which did not pertain to the individual who was the subject of the report.

   b. **1681g(a)(2) Class:** All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning August 28, 2016 and continuing through the date the class is certified to whom Defendant responded to a consumer request for information with a document which did not identify any third party source(s) from which Defendant obtained the information on the report.

82. Plaintiffs reserve the right to amend the definition of the Classes based on discovery or legal developments.

83. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The Class members within each Class are so numerous that joinder of all is impractical. Upon information and belief, Milliman procures and sells millions of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant. Upon information and belief, thousands of those reports contain information that does not pertain to the consumer that is the subject of those reports and Milliman does not disclose the source of the data on the report to any consumer who requests it.

84. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Classes and predominate over the questions affecting only individual members. The principal questions concern whether Milliman violated the FCRA by failing to follow reasonable procedures to assure the accuracy of information on its reports, and/or by failing to disclose the actual

CLASS ACTION COMPLAINT - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

source(s) from which it obtains medical history and prescription information.

85. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each Class member. Plaintiffs have the same claims for statutory and punitive damages as Class members, arising out of Milliman's common course of conduct.

86. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Ms. Morris and Mr. Brauer are adequate representatives of the Classes. Plaintiffs' interests are aligned with and are not antagonistic to, the interests of the members of the Classes they seek to represent, they have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of members of the Classes.

87. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Milliman's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expenses to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

CLASS ACTION COMPLAINT - 12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# VI.   CAUSES OF ACTION
## COUNT I
### 15 U.S.C. § 1681e(b)
*Plaintiffs Morris and Brauer Individually and on behalf of the 1681e(b) Inaccuracy Class*

88.  Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

89.  Mr. Brauer and Ms. Morris are each a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

90.  The reports Milliman sold to Prudential and to Aetna are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

91.  Pursuant to 15 U.S.C. §§ 1681n and 1681o, Milliman is liable for failing to follow reasonable procedures to assure the maximum possible accuracy of the information it sold about Plaintiffs and members of the Accuracy Class, in violation of 15 U.S.C. § 1681e(b).

## COUNT II
### 15 U.S.C. § 1681g(a)(2)
*Plaintiffs Morris and Brauer Individually and on behalf of the 1681g(a)(2) Class*

92.  Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

93.  Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable for failing to accurately and clearly disclose the true sources information in consumer file disclosures, in violation of 15 U.S.C. § 1681g(a)(2).

## COUNT III
### 15 U.S.C. § 1681i
*Plaintiff Morris Individually*

94.  Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

95.  Pursuant to 15 U.S.C. § 1681n and 1681o, Defendant is liable for failing to conduct a reasonable reinvestigation into Plaintiff Morris's dispute of the accuracy of the

CLASS ACTION COMPLAINT - 13

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

information in the consumer reports Defendant prepared concerning her, in violation of 15 U.S.C. § 1681i.

## COUNT IV
### Defamation
### Plaintiffs Brauer and Morris Individually

96. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

97. Milliman made false statements about Plaintiffs to prospective insurers that mis-portrayed Plaintiffs' physical health and which depicted them as sickly, when in fact they was in good health. This caused the insurers to which Plaintiffs applied to view them as a health risk when they were not, rendering them ineligible for insurance coverage and/or causing them to be quoted higher rates.

98. Milliman communicated these false statements to one or more prospective insurers.

99. Milliman made these false statements about Plaintiffs and communicated them to third parties with malice or willful intent to injure.

100. As a result of Milliman's actions, Plaintiffs suffered damages including harm to their reputations, denial of insurance, time spent addressing the problem, and emotional distress.

### VII. PRAYER FOR RELIEF

A. An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiffs and the undersigned counsel of record to represent same;

B. An award of actual, statutory and punitive damages for Plaintiffs and the Classes;

C. An award of pre-judgment and post-judgment interest as provided by law;

D. An award of attorney's fees and costs; and

E. Such other relief as the Court deems just and proper.

CLASS ACTION COMPLAINT - 14

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## VIII. JURY DEMAND

Plaintiffs hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

RESPECTFULLY SUBMITTED AND DATED this 23rd day of March, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

By: /s/ Jennifer Rust Murray, WSBA #36983
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com

By: /s/ Adrienne D. McEntee, WSBA #34061
Adrienne D. McEntee, WSBA # 34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

James A. Francis, *Pro Hac Vice Forthcoming*
Email: jfrancis@consumerlawfirm.com
John Soumilas, *Pro Hac Vice Forthcoming*
Email: jsoumilas@consumerlawfirm.com
Lauren KW Brennan, *Pro Hac Vice Forthcoming*
Email: lbrennan@consumerlawfirm.com
Travis Martindale-Jarvis, *Pro Hac Vice Forthcoming*
Email: tmartindale@consumerlawfirm.com
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 15

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com